UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

CASE NO. 8:23-cv-01962-CEH-CPT

SALLY LETTERS,

    Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,
WELLS FARGO BANK, N.A., and
CONDUENT BUSINESS SERVICES, LLC,

    Defendants.

_____/

## DEFENDANT JPMORGAN CHASE BANK'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant JPMorgan Chase Bank, N.A. ("Chase") moves to dismiss the Complaint (ECF No. 1-1) of Plaintiff Sally Letters ("Plaintiff"), as against Chase, for failure to state a claim upon which relief can be granted.

### Summary

Plaintiff filed a 49-page, 242 paragraph complaint against Chase, Wells Fargo and Conduent Business Services ("Conduent"), claiming that while she was incarcerated at the Hillsborough County jail from January 2, 2022 through July 19, 2022, her daughter, Stacy Sanzone [who has not been sued in this case] gained access

1

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

CASE NO.: 8:23-cv-01962-CEH-CPT

to her bank accounts and stole monies from her via a series of transactions involving the defendants.

The alleged wrongful acts of Chase, Wells Fargo and Conduent are, for the most part, wholly unrelated, and it is improper for Plaintiff to sue these three defendants in the same case. That said, as to Chase, Plaintiff apparently claims that between January 2, 2022 and January 16, 2022 [the first fourteen days of the alleged incarceration], Sanzone removed $11,010.08 from her checking account via alleged unauthorized ATM withdrawals. Plaintiff further claims that Sanzone withdrew another $15,483.28 during the length of the incarceration period [seven months]. She also claims that on January 10, 2022, Sanzone deposited an $8,000 "fraudulent" check in the account. She claims that Wells Fargo dishonored the check, causing a negative balance in the Chase account. She claims that on January 28, 2023, Chase sent her an alleged unlawful debt collection letter relating to the $8,000 check and corresponding negative balance. She claims Chase knew that the debt was not "legitimate" at the time the bank sent the letter.

In connection with the alleged unauthorized withdrawals totaling $26,493.36, Plaintiff asserts claims against Chase for alleged violations of the Electronic Fund Transfer Act ("EFTA") (counts IV through VII) and one claim for Breach of Contract (count X). As for the alleged unlawful debt collection letter, Plaintiff brings two claims for alleged violations of the Florida Consumer Collection Practices Act ("FCCPA") (counts VIII and IX).

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

CASE NO.: 8:23-cv-01962-CEH-CPT

The EFTA claims against Chase (counts IV through VII) should be dismissed because they are barred by the statute of limitations.

### Relevant Allegations Relating to Chase

Plaintiff claims that she had a checking account at Chase. Compl. at ¶ 34. She claims that she was incarcerated at the Hillsborough County jail from January 2, 2022 through July 19, 2022. *Id.* at ¶ 30. She claims that she and her daughter Stacy Sanzone lived together right before her arrest. *Id.* at ¶ 33. She claims that at some undisclosed time, Sanzone ordered Chase ATM cards to make withdrawals from the account. *Id.* at ¶ 29. Plaintiff claims that she received monthly pension payments of $1,940.38 and monthly employment benefit payments of $271.51 into the Chase account. *Id.* at ¶ 36. She claims that during the period of incarceration, her daughter withdrew $2,211.89 [the aggregate of the pension and employment benefit payments] from the account every month for the entire incarceration period, which was seven months. *Id.* at ¶ 36. She also claims that from January 2, 2022 through January 16, 2022, her daughter withdrew additional funds from her account totaling $11,010.08. *Id.* at ¶¶ 45 and 49. Plaintiff provided no details regarding the transactions that comprise the $11,010.08.

Plaintiff claims that on June 5, 2022, she gave her sister, Heather Wakefield, a Power of Attorney so that the sister could contact Chase to dispute the alleged unauthorized withdrawals. *Id.* at ¶ 46. She claims that the sister did report the alleged withdrawals, and that Chase, on or about June 30, 2022, denied the claims as untimely. *Id.* at ¶ 48.

3

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

CASE NO.: 8:23-cv-01962-CEH-CPT

Plaintiff alleges that Chase's relationship with Plaintiff is subject to a Deposit Account Agreement (the "DAA"), but she does not attach a copy of the agreement to the Complaint. *Id.*, ¶ 80. Instead, Plaintiff claims to quote from the DAA as follows:

> **"If you tell us within two business days, you can lose no more than $50 if someone used your card, PIN or code without your permission. If you do NOT tell us within two business days after you learn of the loss or theft of your card, PIN or code and we can prove we could have stopped unauthorized transactions if you had told us, you could lose as much as $500. If your statement shows electronic funds transfers that you did not make, tell us right away. If you do not tell us within 60 days after the statement was sent or otherwise made available to you, you may not get back any money you lost after the 60 days if we can prove that we could have prevented the transactions if you had told us in time. If a good reason (such as a long trip or a hospital stay) kept you from telling us, let us know. We will extend the time periods."**

*Id.* at ¶ 81.

Plaintiff also claims that on January 10, 2022, Sanzone deposited a "fraudulent" check in the Chase account. *Id.* at ¶ 40. She claims that on November 19, 2022, Chase notified her that Wells Fargo dishonored the $8,000 check. *Id.* at ¶ 40. In connection with the alleged fraudulent check, Plaintiff asserts that on January 24, 2023, Chase sent a checking account statement showing a negative balance of $8,007.39. *Id.* at ¶ 86. On January 28, 2023, Chase allegedly sent Plaintiff "a communication in an attempt to collect a debt in the amount of $8,007.39." *Id.* at ¶ 90. She claims she disputed the negative balance in writing on March 10, 2023. *Id.* at ¶ 86.

### Claims Asserted Against Chase

Based on these allegations, Plaintiff alleges claims against Chase for:

4

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

CASE NO.: 8:23-cv-01962-CEH-CPT

- Alleged violations of EFTA (Counts IV through VII), claiming that Chase has not reimbursed her for the alleged unauthorized ATM withdrawals during the incarceration period totaling $26,493.36;

- Alleged violations of the FCCPA (Counts VIII and IX), claiming that at the time Chase sent the January 28, 2023 letter, the bank knew that the $8,007.39 negative balance debt was not "legitimate" because Chase knew of the "fraudulent transfers;" and

- Alleged claim for Breach of Contract (Count X), claiming that Chase breached the DAA by not limiting Plaintiff's losses.

## Standard of Review

"To survive a motion to dismiss, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Garcia-Bengochea v. Carnival Corp.*, 407 F. Supp. 3d 1281, 1285 (S.D. Fla. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Generally, the factual allegations in the complaint are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. For Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). "Although a plaintiff need not provide 'detailed factual allegations,' a complaint must provide 'more than labels and conclusions.'" *Vibo Corp. v. U.S. Flue-Cured Tobacco Growers, Inc.*, No. 17-22034-WILLIAMS, 2018 U.S. Dist. LEXIS 82539, at *6 (S.D. Fla. May 14, 2018) (quoting *Twombly*, 550 U.S. at 570). "A formulaic recitation of the elements of a cause of action will not do." *Vibo Corp.*, 2018 U.S. Dist. LEXIS 82539, at *6. To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the

5

Home*R* Bonne*R* Jacob*s* Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

CASE NO.: 8:23-cv-01962-CEH-CPT

speculative level[.]" *Jimenez v. Viacord, LLC*, No. 21-61805-CIV, 2022 U.S. Dist. LEXIS 167009, at *4-5 (S.D. Fla. Sept. 14, 2022).

## Argument

### I.   All the EFTA Claims are Time Barred.

Plaintiff's claims for violations under the EFTA are barred by the statute of limitations because any action under the EFTA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. §1693m(g). A motion to dismiss based on the statute of limitations should be granted when Plaintiff fails to bring claims under the EFTA within one year from the date of the occurrence of the violation. *See Katz v. JP Morgan Chase, N.A.*, 2014 U.S. Dist. LEXIS 175013 (S.D. Fla., Oct. 7, 2014).

The statute of limitations runs when the consumer reports the alleged unauthorized transfers to the financial institution. *Id.* The Court in *Katz* relies upon the rationale in *Golden-Koether v. JP Morgan Chase Bank*, which states in pertinent part:

> The EFTA requires that when a consumer believes an unauthorized electronic fund transfer or other error has occurred, the consumer must provide, within sixty days of receiving documentation such as an account statement, oral or written notice to a financial institution setting forth the identifying account information and the basis for the consumer's belief that the account contains an error. *15 U.S.C. § 1693f(a)*. The financial institution is obliged to investigate and respond to such notice within ten business days. *Id*. Any action brought under the EFTA must be brought "within one year from the date of the occurrence of the violation." *15 U.S.C. § 1693m(g)*. "In light of the ten-day statutory period within which a financial institution must provide a written response," the statute of limitations begins to run ten days after the consumer provides the oral or written notice of the alleged error to the financial institution. *Berenson v. Nat'l Fin. Servs., LLC*, 403 F. Supp. 2d 133, 145 (D. Mass. 2005).

*Golden-Koether v. JP Morgan Chase Bank, N.A.*, No. 11-3586, 2011 U.S. Dist. LEXIS 136472, 2011 WL 6002979, at *2 (D.N.J. Nov. 29, 2011) (citing to *Berenson v. Nat'I Fin. Servs., LLC*, 403 F. Supp. 2d 133, 145 (D. Mass. 2005));

6

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

> *See also Apostolidis v. JP Morgan Chase & Co.*, No. ll-CV-5664, 2012 U.S. Dist. LEXIS 157733, 2012 WL 378305, at *3 (E.D.N.Y. Nov. 2, 2012) ("With respect to a failure to investigate claim, '[i]n light of the tenday statutory period within which a financial institution /must provide a response, the statute of limitations begins to run ten days after the consumer provides the oral or written notice of the alleged error to the financial institution.'") (quoting *Golden-Koether,* 2011 U.S. Dist. LEXIS 136472, [WL] at *2); *Berenson v. Nat'l Fin. Servs., LLC*, 403 F. Supp. 2d 133, 146 (D. Mass. 2005) (finding statute of limitations begins to run ten days after consumer notifies financial institution of improper transfer).

*Katz*, 2014 U.S. Dist. LEXIS 175013, at *8.

Here, Plaintiff's Complaint admits that she contested the unauthorized transactions no later than June 30, 2022.[1] Therefore, the statute of limitations expired, at latest, ten days after June 30, 2023. Plaintiff's Complaint was filed August 31, 2023, which is almost two months after the deadline to file the action expired. For this reason, the EFTA claims must be dismissed with prejudice.

## **Conclusion**

For the reasons described above, the EFTA claims against Chase (counts IV through VII) should be dismissed for failure to state a claim.

WHEREFORE, Chase respectfully requests that the Court grant this motion, dismiss Plaintiff's Complaint, and grant any additional relief that the Court deems just and proper.

---

[1] *See Compl*. at ¶¶ 46 and 48, admitting that: (1) on June 5, 2022, Plaintiff gave her sister a POA that would enable her to contest the withdrawals; and (2) on June 30, 2022, Chase denied Plaintiff's claim related to the allegedly unauthorized withdrawals.

7

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

CASE NO.: 8:23-cv-01962-CEH-CPT

Date: December 11, 2023

                                              Respectfully submitted:

                                              HOMER BONNER JACOBS ORTIZ

                                              Attorneys for JPMorgan Chase Bank, N.A.
                                              1200 Four Seasons Tower
                                              1441 Brickell Avenue
                                              Miami Florida 33131
                                              Phone: (305) 350-5165
                                              Fax: (305) 372-2738

                                      By:  /s/ *Anthony M. Diblasi*
                                                     José A. Ortiz
                                                     Email: jortiz@homerbonner.com
                                                     Florida Bar No.: 182321
                                                     Anthony M. Diblasi
                                                     Email: adiblasi@homerbonner.com
                                                     Florida Bar No.: 117681

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 11, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

                                                    By:  /s/ *Anthony M. Diblasi*
                                                         Anthony M. Diblasi

8

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com