UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

**SALLY LETTERS,**             Case No.: 8:23-cv-01962-CEH-CPT

    *Plaintiff,*

v.

**JP MORGAN CHASE BANK, N.A.,
and WELLS FARGO BANK, N.A.,**

    *Defendants,*
_____/

## PLAINTIFF'S MOTION FOR LEAVE TO FILE THE FIRST AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 15(a)(1)(B) Plaintiff files her First Amended Complaint as a matter of course and in response to Chase's pending Motion to Dismiss [DE 37]. Additionally, Plaintiff files her First Amended Complaint under Fed. R. Civ. P. 15(a)(2) and respectfully requests leave based on her arguments below.

**I. INTRODUCTION**

On August 31, 2022, Plaintiff filed her Initial Complaint against Defendants JP MORGAN CHASE BANK, N.A. *et al* ("Chase") for violations of the Electronic Funds Transfer Act, ("EFTA"), 15 U.S.C. § 1693, *et seq.*, the Florida Consumer Collection Practices Act, Florida Stat. §559.55 *et. seq.* ("FCCPA") and other common law claims such as Breach of Contract. Plaintiff further alleged that WELLS FARGO BANK, N.A. ("Wells Fargo"), and CONDUENT BUSINESS SERVICES, LLC ("Conduent") violated the EFTA and breached their respective

contractual obligations with Plaintiff. On December 14, 2023, this Court dismissed Conduent from this action [DE 35]. As a result, Plaintiff will remove any references to Conduent in the Amended Complaint, paragraphs 93 – 104 and 199 – 242.

The allegations in the Initial Complaint against Wells Fargo are directly related to two accounts that are maintained by Fidelity Investments. Generally, the claims center around electronic funds being withdrawn from Plaintiff's bank accounts at each institution while she was incarcerated, her attempts to dispute those withdrawals as unauthorized, and the responses from each Defendant. Specifically, the bulk of the funds at issue are three checks that were deposited at a Chase ATM by Plaintiff's daughter without her consent: the first for $2,308.54; the second for $4,608.51; and the last for $8,000. On top of the three checks, Plaintiff initially alleged that her daughter withdrew $11,010.08 [DE 1, ¶49]. However, that amount is actually $13,271.34 and is therefore in need of amendment.

The Initial Complaint further alleges that Wells Fargo claimed the first two check amounts were reclaimed or refunded and subsequently returned to Plaintiff, while Plaintiff stated Wells Fargo merely moved money from one of her Fidelity accounts to another. One account is referred to as a Qualified Domestic Relations Order ("QRDO") and the other is a 401k retirement account; these specific titles for the accounts are not in the Initial Complaint but will be part of the Amended Complaint to identify the source of the funds at issue.

Since the Initial Complaint was filed, the undersigned has learned that Wells Fargo did not move money between accounts as initially thought, but instead Plaintiff separately withdrew funds from her Fidelity accounts on different dates

to fund her Chase account, and Wells Fargo claimed those amounts qualified as the reimbursement for the first two checks.

Paragraphs 48 through 65 need to be amended to more accurately state the amount of funds that were withdrawn, whether the funds came from the QRDO or 401k account, the correct or approximate dates Plaintiff made certain withdrawals from such accounts, the dates the funds were deposited, and Plaintiff's efforts to recover the funds in question. Lastly, specific amendments are needed to address the fact that Plaintiff did not receive certain communications from Chase regarding the unauthorized transactions because she was incarcerated.

Plaintiff has conferred with counsel for Defendant Wells Fargo who requested a copy of the attached amended complaint so that they could state whether or not they would be opposed or unopposed. Plaintiff provided a copy of the Amended Complaint on January 9, 2024 prior to filing to which Wells Fargo stated they were unopposed. Additionally, Plaintiff submits that Wells Fargo does not need to respond to the Initial Complaint by the current deadline of January 17, 2024, but can respond to the Amended Complaint within the time frames set by the Federal Rules of Civil Procedure and/or the Court's set deadlines.

## II. ARGUMENT

Federal Rule of Civil Procedure 15 provides, in pertinent part, that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Although "[l]eave to amend shall be freely given when justice so requires," a motion to amend may be denied on "numerous grounds" such as

"undue delay, undue prejudice to the defendants, and futility of the amendment." *See Dannebrog Rederi AS v. M/Y True Dream*, 146 F. Supp. 2d 1307, 1311-12 (S.D. Fla. 2001) (quoting *Abramson v. Gonzalez,* 949 F.2d 1567, 1581 (11th Cir. 1992).

There is no undue delay, bad faith, or dilatory motive on Plaintiff's part given that discovery is still in the early stages and trial is approximately eleven months away. There is no undue prejudice to Defendants in these amendments because the causes of action are all the same, but the amounts at issue have changed slightly. Finally, these amendments are in no way futile as the proposed amendments concern important details of the surrounding transactions that need to be corrected. The proposed amended complaint is attached hereto as Exhibit 1.

Dated: January 9, 2024                                             Respectfully Submitted,

                                                         **SHARMIN & SHARMIN, P.A.**
                                                        ***/s/ Kevin Rajabalee, Esq.***
                                                        Fla. Bar. No. 119948
                                                        kevin@sharminlaw.com
                                                        Eiman Sharmin, Esq.
                                                        FBN: 716391
                                                        830 North Federal Highway
                                                        Lake Worth, FL 33460
                                                        Main: 561-655-3925
                                                        Direct: 561-296-9109
                                                        Fax: 844-922-1021
                                                        eiman@sharminlaw.com
                                                        *Attorneys for Plaintiff*

## LOCAL RULE 3.01(g)(2) CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY that Plaintiff's Counsel has conferred with counsel for Wells Fargo who stated it is not opposed to the relief sought. Plaintiff did not request Chase's approval to file the Amended Complaint because she is amending her Initial Complaint as a matter of course under Fed. R. Civ. P. 15(a)(1)(B).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 9, 2024 that the foregoing document is being served this date via mail and/or some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronic notices of electronic filing.

**/s/ Kevin Rajabalee**
Kevin Rajabalee, Esq.
FBN: 119948