UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

CASE NO. 8:23-cv-01962-CEH-CPT

SALLY LETTERS,

      Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,
and WELLS FARGO BANK, N.A.,

      Defendants.

_____ /

**DEFENDANT JPMORGAN CHASE BANK'S
MOTION TO DISMISS COUNTS IV, V, VI AND VII
OF PLAINTIFF'S FIRST AMENDED COMPLAINT WITH JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant JPMorgan Chase Bank, N.A. ("Chase") moves to dismiss Counts IV, V, VI and VII of the First Amended Complaint With Jury Demand (ECF No. 48)[1] of Plaintiff Sally Letters for failure to state a claim upon which relief can be granted.

**Summary**

Plaintiff initially filed a 49-page, 242 paragraph complaint against Chase, Wells Fargo and Conduent Business Services ("Conduent"), claiming that while she was incarcerated at the Hillsborough County jail from January 2, 2022 through July 19,

---

[1] In this Motion to Dismiss, Chase will cite to the First Amended Complaint With Jury Demand (ECF No. 48) as "Compl."

1

CASE NO.: 8:23-cv-01962-CEH-CPT

2022, her daughter, Stacy Sanzone [who has not been sued in this case] gained access to her bank accounts and stole monies from her via a series of transactions involving the defendants.

Chase filed a Motion to Dismiss directed at the original complaint, alleging that Plaintiff's claims for alleged violations of the Electronic Funds Transfer Act ("EFTA") were barred by the statute of limitations. After apparently settling the claims against Conduent and recognizing the statute of limitations problem that Chase raised in its Motion to Dismiss, Plaintiff sought leave to file this First Amended Complaint. The Court granted Plaintiff leave to amend, and Plaintiff has now filed a 39-page, 193 paragraph amended complaint against Chase and Wells Fargo, with virtually the same allegations and claims that appeared in the original complaint.

However, Plaintiff has not fixed her statute of limitations problem. As such, Plaintiff' claims for alleged violations of EFTA (Counts IV, V, VI and VII) should be dismissed with prejudice.

## Relevant Allegations Relating to Chase

Plaintiff claims that she had a checking account at Chase. Compl. ¶ 37. She claims that she was incarcerated at the Hillsborough County jail from January 2, 2022 through July 19, 2022. *Id.* ¶ 33. She claims that she and her daughter Stacy Sanzone lived together right before her arrest. *Id.* ¶ 36. She claims Sanzone ordered or obtained Chase ATM cards on four separate occasions, January 11, 2022, January 26, 2022, February 6, 2022, and February 11, 2022, to make withdrawals from the account. *Id.*

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

CASE NO.: 8:23-cv-01962-CEH-CPT

¶ 46. Plaintiff claims that she received monthly pension payments of $1,940.38 and monthly employment benefit payments of $271.51 into the Chase account. *Id.* ¶ 39. She claims that during the period of incarceration, her daughter withdrew $2,211.89 [the aggregate of the pension and employment benefit payments] from the account every month for the entire incarceration period, which was seven months. *Id.* ¶ 39. Those seven transactions equal $15,483.23. She also claims that during her incarceration period, her daughter made debit card purchases and withdrew additional funds from her account totaling $13,271.34. *Id.* ¶¶ 47 and 51. Plaintiff provides no details regarding the transactions that comprise the alleged $13,271.34.

Plaintiff claims that on June 5, 2022, she gave her sister, Heather Wakefield, a Power of Attorney so that the sister could contact Chase to dispute the alleged unauthorized withdrawals. *Id.* ¶ 48. She claims that Chase, on or about June 30, 2022, denied the claims as untimely. *Id.* ¶ 50. Plaintiff claims that she did not receive notices regarding the "monthly account statements, ATM withdrawals, debit card transactions, and fraudulent check deposits [because they] were mailed to the address Ms. Letters was evicted from during her Incarceration Period." *Id.* ¶ 52.[2]

Plaintiff alleges that her relationship with Chase is subject to a Deposit Account Agreement (the "DAA"), but she does not attach a copy of the agreement to the Complaint. *Id.*, ¶ 85. Instead, Plaintiff claims to quote from the DAA as follows:

---

[2]     This is a new allegation found in the First Amended Complaint apparently trying to assert some sort of equitable tolling argument to get around the statute of limitations problem.

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

CASE NO.: 8:23-cv-01962-CEH-CPT

> **"If you tell us within two business days, you can lose no more than $50 if someone used your card, PIN or code without your permission. If you do NOT tell us within two business days after you learn of the loss or theft of your card, PIN or code and we can prove we could have stopped unauthorized transactions if you had told us, you could lose as much as $500. If your statement shows electronic funds transfers that you did not make, tell us right away. If you do not tell us within 60 days after the statement was sent or otherwise made available to you, you may not get back any money you lost after the 60 days if we can prove that we could have prevented the transactions if you had told us in time. If a good reason (such as a long trip or a hospital stay) kept you from telling us, let us know. We will extend the time periods."**

*Id.* ¶ 86. Plaintiff alleges that her incarceration is "good reason" for her allegedly not being able to contact Chase about the unauthorized transactions within the 60-day period described by the Deposit Agreement. *Id.* ¶ 87.[3]

Plaintiff also claims that on January 10, 2022, Sanzone deposited a "fraudulent" check in the Chase account. *Id.* ¶ 41. She claims that on November 19, 2022, Chase notified her that Wells Fargo dishonored the $8,000 check. *Id.* ¶ 41. In connection with the alleged fraudulent check, Plaintiff asserts that on January 24, 2023, Chase sent a checking account statement showing a negative balance of $8,007.39. *Id.* ¶ 93. On January 28, 2023, Chase allegedly sent Plaintiff "a communication in an attempt to collect a debt in the amount of $8,007.39." *Id.* ¶ 97. She claims she disputed the negative balance in writing on March 10, 2023. *Id.* ¶ 93.

---

[3]     This is also a new allegation apparently also attempting to assert an equitable tolling argument.

Homer Bonner Jacobs Ortiz, P.A.

1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

CASE NO.: 8:23-cv-01962-CEH-CPT

## Claims Asserted Against Chase

Based on these allegations, Plaintiff alleges claims against Chase for:

- Alleged violations of EFTA (Counts IV through VII), claiming that Chase has not reimbursed her for the alleged unauthorized ATM withdrawals and debit transactions during the incarceration period totaling $28,754.57;

- Alleged violations of the Florida Consumer Collection Protection Act (Counts VIII and IX), claiming that at the time Chase sent the January 28, 2023 letter, the bank knew that the $8,007.39 negative balance debt was not "legitimate" because Chase knew of the "fraudulent transfers;" and

- Alleged claim for Breach of Contract (Count X), claiming that Chase breached the DAA by not limiting Plaintiff's alleged losses.

## Standard of Review

"To survive a motion to dismiss, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Garcia-Bengochea v. Carnival Corp.*, 407 F. Supp. 3d 1281, 1285 (S.D. Fla. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Generally, the factual allegations in the complaint are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. For Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). "Although a plaintiff need not provide 'detailed factual allegations,' a complaint must provide 'more than labels and conclusions.'" *Vibo Corp. v. U.S. Flue-Cured Tobacco Growers, Inc.*, No. 17-22034-WILLIAMS, 2018 U.S. Dist. LEXIS 82539, at *6 (S.D. Fla. May 14, 2018) (quoting *Twombly*, 550 U.S. at 570). "A formulaic recitation of the elements of a cause of action will not do." *Vibo Corp.*, 2018 U.S. Dist. LEXIS 82539, at *6. To survive a motion to

5

CASE NO.: 8:23-cv-01962-CEH-CPT

dismiss, "factual allegations must be enough to raise a right to relief above the speculative level[.]" *Jimenez v. Viacord, LLC*, No. 21-61805-CIV, 2022 U.S. Dist. LEXIS 167009, at *4-5 (S.D. Fla. Sept. 14, 2022).

## Argument

### I.    All the EFTA Claims are Time Barred.

Plaintiff's claims for violations under the EFTA are barred by the statute of limitations because any action under the EFTA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. §1693m(g). A motion to dismiss based on the statute of limitations should be granted when Plaintiff fails to bring claims under the EFTA within one year from the date of the occurrence of the violation. *See Katz v. JP Morgan Chase, N.A.*, 2014 U.S. Dist. LEXIS 175013 (S.D. Fla., Oct. 7, 2014).

The statute of limitations runs when the consumer reports the alleged unauthorized transfers to the financial institution. *Id.* The Court in *Katz* relies upon the rationale in *Golden-Koether v. JP Morgan Chase Bank*, which states in pertinent part:

> The EFTA requires that when a consumer believes an unauthorized electronic fund transfer or other error has occurred, the consumer must provide, within sixty days of receiving documentation such as an account statement, oral or written notice to a financial institution setting forth the identifying account information and the basis for the consumer's belief that the account contains an error. *15 U.S.C. § 1693f(a)*. The financial institution is obliged to investigate and respond to such notice within ten business days. *Id*. Any action brought under the EFTA must be brought "within one year from the date of the occurrence of the violation." *15 U.S.C. § 1693m(g)*. "In light of the ten-day statutory period within which a financial institution must provide a written response," the statute of limitations begins to run ten days after the consumer provides the oral or written notice of the alleged error to the financial institution. *Berenson v. Nat'l Fin. Servs., LLC*, 403 F. Supp. 2d 133, 145 (D. Mass. 2005).

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

CASE NO.: 8:23-cv-01962-CEH-CPT

> *Golden-Koether v. JP Morgan Chase Bank, N.A.*, No. 11-3586, 2011 U.S. Dist. LEXIS 136472, 2011 WL 6002979, at *2 (D.N.J. Nov. 29, 2011) (citing to *Berenson v. Nat'l Fin. Servs., LLC*, 403 F. Supp. 2d 133, 145 (D. Mass. 2005)); *See also Apostolidis v. JP Morgan Chase & Co.*, No. ll-CV-5664, 2012 U.S. Dist. LEXIS 157733, 2012 WL 378305, at *3 (E.D.N.Y. Nov. 2, 2012) ("With respect to a failure to investigate claim, '[i]n light of the tenday statutory period within which a financial institution /must provide a response, the statute of limitations begins to run ten days after the consumer provides the oral or written notice of the alleged error to the financial institution.'") (quoting *Golden-Koether,* 2011 U.S. Dist. LEXIS 136472, [WL] at *2); *Berenson v. Nat'l Fin. Servs., LLC*, 403 F. Supp. 2d 133, 146 (D. Mass. 2005) (finding statute of limitations begins to run ten days after consumer notifies financial institution of improper transfer).

*Katz*, 2014 U.S. Dist. LEXIS 175013, at *8.

Just as in the original complaint, Plaintiff admits in the First Amended Complaint that she contested the unauthorized transactions sometime on or after June 5, 2022 and no later than June 30, 2022.[4] Giving Plaintiff the benefit of the doubt and assuming she provided notice of the dispute to Chase on June 30, 2022, the same day Chase denied the claims, the statute of limitations began to run on July 10, 2022 [ten days after June 30] and therefore the statute of limitations on the EFTA claims expired on July 10, 2023. Plaintiff's initial complaint was filed August 31, 2023, which is almost two months after the deadline to file the action expired. For this reason, the EFTA claims must be dismissed with prejudice.

In an effort to get around the statute of limitations problem, Plaintiff tries to make an equitable tolling argument by alleging that during her incarceration from

---

[4]    *See* Compl. ¶¶ 48 and 50, admitting that: (1) on June 5, 2022, Plaintiff gave her sister a POA that would enable her to contest the withdrawals; and (2) on June 30, 2022, Chase denied Plaintiff's claim related to the allegedly unauthorized withdrawals.

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

CASE NO.: 8:23-cv-01962-CEH-CPT

January 2, 2022 to July 19, 2022 she was evicted from her home because her daughter failed to pay rent and therefore she did not get notice of the alleged unauthorized withdrawals. This argument does not help Plaintiff. First, equitable tolling "'is an extraordinary remedy which is typically applied sparingly.' *Brown*, 512 F.3d at 1307 (internal quotation marks omitted)." *Nuvasive, Inc. v. Absolute Med., LLC*, 71 F.4th 861, 875-76 (11th Cir. 2023). "It is 'appropriate when a movant untimely files because of *extraordinary circumstances* that are both beyond his control and unavoidable even with diligence.' *Arce v. Garcia*, 434 F.3d 1254, 1260 (11th Cir. 2006) (internal quotation marks omitted)." *Id.* Plaintiff does not allege any extraordinary circumstances that are beyond her control or unavoidable even with diligence.

Second, "incarceration alone does not provide a sufficient basis for equitable tolling." *Moton v. Skanska USA Civil Se., Inc.*, No. 3:20cv5950/MCR/EMT, 2022 U.S. Dist. LEXIS 33993, at *6 (N.D. Fla. Jan. 11, 2022) (internal citations omitted). Plaintiff's argument that she was incarcerated and therefore could not timely exercise her rights is not enough to meet her burden. She would need to allege something more, and even then, there this is an extremely high threshold that Plaintiff would have to meet. "The Eleventh Circuit has 'held that no access or limited access to a law library does not qualify as an extraordinary circumstance to warrant equitable tolling [for a prisoner].' Bass v. Att'y Gen., No. 20-10985, 2022 WL 1658637, at *2 (11th Cir. May 25, 2022) (*per curiam*) (citing Akins v. United States, 204 F.3d 1086, 1089-90 (11th Cir. 2000)); see also Newton v. Benton, Civ. Act. No. 120-162, 2021 U.S. Dist. LEXIS

8

CASE NO.: 8:23-cv-01962-CEH-CPT

69556, 2021 WL 1324529, at *4 (S.D. Ga. Mar. 15, 2021) (citing Miller v. Florida., 307 F. App'x 366, 368 (11th Cir. 2009) (*per curiam*) for proposition that limited or 'restricted access to a law library, lock-downs, and solitary confinement do not automatically qualify for equitable tolling'), *adopted by* 2021 U.S. Dist. LEXIS 68549, 2021 WL 1321301 (S.D. Ga. Apr. 8, 2021) (Hall, C.J.)).'' *Brinson v. Jester*, No. CV 123-100, 2023 U.S. Dist. LEXIS 233722, at *12 (S.D. Ga. Dec. 20, 2023). "In the absence of any record evidence regarding Petitioner attempting to exercise due diligence to timely file his federal petition, equitable tolling is not warranted. *See* Dodd v. United States, 365 F.3d 1273, 1283 (11th Cir. 2004) (requiring showing by petitioner seeking application of equitable tolling that he 'undertook any action that would suggest reasonable diligence under the circumstances'); Williams v. United States, Nos. 1:16-CR-427, 1:23-CV-1579, 2023 U.S. Dist. LEXIS 157435, 2023 WL 5727308, at *3 (N.D. Ga. Aug. 15, 2023) (collecting cases for proposition that petitioner must show diligent pursuit of his rights and in absence of showing any steps undertaken to timely file petition prevented finding of necessary diligence for application of equitable tolling), *adopted by* 2023 WL 5733837 (N.D. Ga. Sept. 5, 2023)." *Id.* Plaintiff provides no further reasoning for her inability to timely file. Her allegations state quite the opposite. Plaintiff admits that she was aware of the alleged unauthorized transactions while incarcerated. Indeed, she claims that she gave her sister a POA on June 5, 2022 for the purpose of disputing the transactions and that Chase denied the claim on June

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

CASE NO.: 8:23-cv-01962-CEH-CPT

30, 2022 all while she was incarcerated. Plaintiff's incarceration clearly did not prevent her from investigating and asserting her rights.

Even giving Plaintiff all benefit of the doubt and applying equitable tolling, she still failed to timely file her original complaint within the one-year deadline. "[E]quitable tolling allows a court to toll the statute of limitations until such a time that the court determines would have been fair for the statute of limitations to begin running on the plaintiff's claims." *Sensi v. Fla. Officers of the Court*, 737 F. App'x 433, 437 (11th Cir. 2018) (citing *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006)). The court in *Sensi* held that the plaintiff undercut his argument for equitable tolling with the allegations of his own complaint where he admits that he was aware of his claims well prior to filing suit. *Id*. Much like the plaintiff in *Sensi*, as previously discussed above, Plaintiff admits she was aware of her claims well before she filed suit. She challenged the unauthorized transactions and her claim was denied in June of 2022. She did not file this action until more than a year after the denial had passed.

Further, Plaintiff claims that she was released from prison on July 19, 2022. Therefore, Plaintiff, who was admittedly aware of the unauthorized transactions and not incarcerated by July 19, 2022, had eleven months to file a complaint. Even if equitable tolling were applied until her release on July 19, 2022, which could potentially be considered fair under the circumstances, her claims are barred by the statute of limitations because she did not file her claim by July 19, 2023. Plaintiff has failed to allege any reason for why she could not file a complaint in the twelve plus

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

CASE NO.: 8:23-cv-01962-CEH-CPT

months after her release. *See Jacksonville Div. v. Duval Cty. Sch. Bd.*, No. 3:13-cv-79-J-39JRK, 2015 U.S. Dist. LEXIS 192301, at *9 (M.D. Fla. Mar. 19, 2015) (denying equitable tolling because plaintiff failed to give any explanation why the deadline should be tolled an additional three years beyond her medical emergency, noting that even if equitable tolling were applied plaintiff filed three years after the tolled deadline.) (citing to *Florio v. Cuomo*, 2010 U.S. Dist. LEXIS 135409, 2010 WL 5222123 (S.D.N.Y. Nov. 16, 2010) (denying equitable tolling and noting that even if petitioner established equitable tolling for the one-year period following his conviction, he failed to establish equitable tolling for the fourteen months after the one-year period)). In sum and very simply, Plaintiff had more than enough time [over one year] to bring EFTA claims, but she did not.

### Conclusion

For the reasons described above, the EFTA claims against Chase (Counts IV through VII) should be dismissed with prejudice.

WHEREFORE, Chase respectfully requests that the Court grant this motion, dismiss Plaintiff's First Amended Complaint with Jury Demand, and grant any additional relief that the Court deems just and proper.

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

CASE NO.: 8:23-cv-01962-CEH-CPT

Date: February 19, 2024

Respectfully submitted:

HOMER BONNER JACOBS ORTIZ

Attorneys for JPMorgan Chase Bank, N.A.
1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida 33131
Phone: (305) 350-5165
Fax: (305) 372-2738

By:  /s/ *Anthony M. Diblasi*
     José A. Ortiz
     Email: jortiz@homerbonner.com
     Florida Bar No.: 182321
     Anthony M. Diblasi
     Email: adiblasi@homerbonner.com
     Florida Bar No.: 117681

## Local Rule 3.01(g) Certification

I HEREBY CERTIFY that I have conferred with the opposing party regarding the instant motion. The parties do not agree to resolve any part of the motion. Plaintiff opposes the motion and the relief sought herein. The parties conferred via email and telephone.

By:  /s/ *Anthony M. Diblasi*
     Anthony M. Diblasi

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

CASE NO.: 8:23-cv-01962-CEH-CPT

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 19, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

By: /s/ *Anthony M. Diblasi*
Anthony M. Diblasi

HomeR BonneR Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com